# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# ORLANDO DIVISION

**MORTGAGE PAYMENT PROTECTION, INC.,**

        **Plaintiff,**

**-vs-**                                                       **Case No. 6:08-cv-1212-Orl-22DAB**

**CYNOSURE FINANCIAL, INC.,**

        **Defendant.**

_____

## REPORT AND RECOMMENDATION

**TO THE UNITED STATES DISTRICT COURT**

This cause came on for consideration without oral argument on the following motion filed herein:

> **MOTION:**    **DEFENDANTS MOTION TO DISMISS OR ALTERNATIVELY TO PRECLUDE INTRODUCTION OF NEW EVIDENCE, COMPEL AND CONTINUE DISCOVERY (Doc. No. 101)**
>
> **FILED:**    **February 12, 2010**
> _____
>
> **THEREON** it is **RECOMMENDED** that the motion be **DENIED**.

Defendant moves for dismissal because "the evidence produced does not support [Plaintiff's] claim for damages." Alternatively, Defendant seeks an Order precluding Plaintiff from "introducing any evidence at trial that has not been produced as part of Plaintiff's Responses to CFI's Requests to Produce and/or Interrogatories." Finally, CFI requests that this Court:

> enter an Order compelling Plaintiff to provide more complete answers to CFI's discovery requests, including evidence regarding its claim for damages. CFI also requests that this Court enter an Order continuing discovery for 90 days so that CFI

> can review the new discovery produced and complete any additional discovery necessitated by MPPI's failure to provide full and complete answers.

CFI has supplemented the motion (Doc. No. 109), and Plaintiff has filed a response (Doc. No. 110). For the reasons set forth below, the Court **recommends** that the motion be denied in its entirety.

## *PROCEDURAL BACKGROUND*

Plaintiff Mortgage Payment Protection, Inc. ("MPPI") filed suit on July 23, 2008, against co-Defendants Virginia Surety Company ("VSC") and cynoSure Financial, Inc. ("CFI") (Doc. No. 1), alleging breach of contract (relating to a "marketing agreement" between CFI and MPPI) and tortious interference claims against Defendant CFI. Although MPPI sought a preliminary injunction, the Court declined to enter it (Doc. No. 33). According to the Case Management Report, the parties met in September 2008, thus beginning the discovery period. On October 20, 2008, the Court entered its Case Management and Scheduling Order, setting a discovery deadline of October 5, 2009 (Doc. No. 31).

Plaintiff subsequently filed an Amended Complaint (on February 10, 2009) (Doc. No. 55), and Defendants moved to dismiss it (Doc. Nos. 57, 61). On July 15, 2009, the parties filed their joint motion for extension of mediation date and discovery deadlines (Doc. No. 73), which was granted (Doc. No. 74). On August 17, 2009, the parties moved for another extension of time to complete discovery (Doc. No. 79), and the Court again obliged (Doc. No. 80).

Following the Court's granting, in part, of Defendants' motions to dismiss, Plaintiff filed its Second Amended Complaint (Doc. No. 82). On October 12, 2009, the parties filed a Joint Motion for Continuance of the Trial and Extension of Discovery Deadlines (Doc. No. 87). The Court denied the motion, noting:

> The movants have failed to demonstrate good cause for further extension of case management deadlines. Counsel acted at their peril in delaying discovery pending settlement discussions and they must bear the consequences of that choice.

(Doc. No. 88).

CFI filed its Answer and Affirmative Defenses to the Second Amended Complaint (Doc. No. 89), and VSC has been dismissed from the case after a settlement, leaving CFI as the sole defendant. Following dismissal of VSC, the Court entered an Amended Case Management and Scheduling Order (Doc. No. 96), setting a new discovery deadline of March 1, 2010. The instant motion follows.

### *MOTION TO DISMISS*

Although titled a motion to dismiss, CFI does not purport to bring its motion pursuant to Rule 12 and, indeed, CFI has already filed its Answer to the Complaint. Rather, CFI contends that the operative Complaint must be dismissed as CFI is entitled to prevail *on the merits,* and therefore, Plaintiff violated Rule 11, Federal Rules of Civil Procedure. Further, Plaintiff contends that the Court should dismiss the pleading under its inherent authority because "[t]here is no evidence whatsoever to support MPPI's claim that it was underpaid for commissions . . ." (Doc. No. 101 at 18). To the extent CFI is seeking a merits determination, it is not available in this context. To the extent it is seeking sanctions, neither the record nor the law supports same.

*Rule 11*

"In filing a pleading in federal court, an attorney certifies that he or she has conducted a reasonable inquiry and that the pleading is well-grounded in fact, legally tenable, and presented for only a proper purpose." *Inter-Tel, Inc. v. West Coast Aircraft Engineering, Inc.*, 2007 WL 1068141 (M.D. Fla. 2007) (citing Rule 11, Fed. R. Civ. P.). Thus, Rule 11 speaks to three types of conduct: "1) when a party files a pleading that has no factual basis; 2) when a party files a pleading that is based on legal theory that has no reasonable chance of success and that cannot be advanced as a reasonable

-3-

argument to change existing law; and 3) when a party files a pleading in bad faith or for an improper purpose." *Gelles v. Skrotsky*, 15 F.Supp.2d 1293 (M.D. Fla 1998). The purpose of Rule 11 is to "discourage dilatory or abusive tactics and to help streamline the litigation process by lessening frivolous claims or defenses." *Donaldson v. Clark*, 819 F.2d 1551, 1556 (11th Cir.1987).

When evaluating conduct under Rule 11, a court is to use an objective standard and examine the reasonableness of the conduct under the circumstances and what was reasonable to believe at the time the pleading was submitted. *Baker v. Alderman*, 158 F.3d 516 (11th Cir. 1998). "In making this determination, a two step inquiry is required: (1) whether the party's claims are objectively frivolous, and (2) whether the person who signed the pleadings should have been aware that they were frivolous." *Custom Mfg. and Engineering, Inc. v. Midway Services, Inc*., 2006 WL 4792784 (M.D. Fla. 2006) (*citing Baker,* 158 F.3d at 524). The Rule provides for a twenty-one day safe harbor provision which precludes a party from filing a Rule 11 motion for twenty-one days after serving the motion on the opposing party. If the opposing party does not cure or address those issues during this period, the filing party may then file the Rule 11 motion with the court. *See* Fed. R. Civ. P 11(c)(2)(2008).

Applied here, no Rule 11 violation is apparent. Procedurally, there is no showing that CFI has complied with the mandatory safe harbor provision. Moreover, even a cursory review of the allegedly offending pleading does not show that it is objectively frivolous. Indeed, it appears that even CFI did not find it to be so. CFI did not move to dismiss the operative complaint as frivolous, nor did it move for judgment on the pleadings. Rather, CFI answered the Complaint and it is only now, after receiving discovery, that CFI asserts that the "evidence" does not support the claim for damages. Even if CFI is correct and the evidence does not support the claim (a finding the Court need not and does not make), this is not the equivalent of a showing that the pleading was frivolous at the time it

was filed and counsel should have known that.[1] This Court should decline CFI's invitation to determine the merits of the case on these papers. Rule 11 is not a substitute for trial.

*Inherent Authority*

While not entirely clear, it appears that CFI is contending that it is appropriate to dismiss the complaint as a sanction under the Court's inherent authority. As set forth in *Chambers v. NASCO, Inc.,* 501 U.S. 32 (1991), courts have the power to sanction parties, lawyers, or both for engaging in conduct that abuses the judicial process. *Chambers, supra,* 501 U.S. at 44-45; *In re Sunshine Jr. Stores, Inc.*, 456 F.3d 1291, 1304 (11th Cir. 2006). The court may act "when [the client, attorney, or both] has acted in bad faith, vexatiously, wantonly, or for oppressive reasons," *Byrne v. Nezhat*, 261 F.3d 1075, 1106 (11th Cir. 2001) (internal quotation omitted), or otherwise failed to comply with court orders or the Federal Rules of Civil Procedure, *Zocaras v. Castro*, 465 F.3d 479, 490 (11th Cir. 2006). Dismissal of a matter is the ultimate sanction, and is only available when it is clear that lesser sanctions will not suffice. The Court sees no bad faith or other misconduct warranting such a sanction here. At best, CFI has raised the possibility that Plaintiff will not be able to prove its case. If correct, the remedy is that Plaintiff will not prevail at trial. Absent a showing of bad faith or oppressive conduct, however, a litigant is not sanctioned simply because the other side might have the better argument. CFI's assertion is frivolous.

To the extent CFI seeks a dismissal, it is **respectfully recommended** that the motion be **denied.** Any merits determination must await either a properly supported motion for summary judgment (if appropriate and warranted) or a determination through trial.

## *EVIDENCE PRECLUSION*

---

[1] Indeed, the filing of such an unsupported motion for Rule 11 sanctions is itself, perilously close to sanctionable.

As an alternative, CFI moves for an order precluding Plaintiff from "introducing any evidence at trial that has not been produced as part of Plaintiff's Responses to CFI's Requests to Produce and/or Interrogatories." Although not identified specifically, the motion appears to seek a preemptive ruling that limits the evidence at trial to the evidence that has been produced to date. The motion is not well taken.

At the time of the filing, the parties were still within the discovery period and, indeed, subsequent to the filing, additional discovery has been taken. Further, each party is under a continuing duty to supplement their disclosures, consistent with the rules. Moreover, there may well be rebuttal evidence that is yet to be developed or disclosed. While the Court assumes that both sides will fully comply with their disclosure obligations, and will sanction those found to have not complied, a ban on all evidence that may or may not yet be known and disclosed is not appropriate.

The Court **recommends** that the motion be **denied.** To the extent CFI can identify *specific* evidence that was wrongfully withheld, its remedy is to file, if appropriate, a properly supported motion in limine at the appropriate time. In that context, the Court can take up the matter on a more complete record.

### *MOTION TO COMPEL AND MOTION FOR CONTINUANCE FOR ADDITIONAL DISCOVERY*

To the extent the motion purports to seek better responses to previously produced discovery, it does not comply with Local Rule 3.01(g) or Local Rule 3.04. Indeed, the "Supplemental Memorandum" (which is itself inappropriate – see Local Rule 3.01(a) and (c) ) does no more than argue the merits of the case.[2] No genuine discovery issue is appropriately presented in these papers.

---

[2] Note, too, that the date of the Supplemental Memorandum is the same as that of the earlier motion: February 12, 2010 (as reflected on the signature page and the certificate of service). This oversight coupled with the absence of compliance with the local rules and the lack of citation to *any* relevant authority, reinforces the Court's impression that counsel merely threw together the memorandum, attached various exhibits, and hoped for the best.

As for the motion for continuance of 90 days for additional discovery, the Court sees no justification for any continuance. As evident from the background set forth above, this case has been pending for over a year and a half and discovery has been open and available since September 2008. This Court has continued discovery *three* times already. It is past time for the parties to join the issues and ready the case for trial. The motion to compel and motion for continuance should be **denied.**

For the reasons set forth above, it is **respectfully recommended** that the motion be **DENIED, in its entirety.**

Failure to file written objections to the proposed findings and recommendations contained in this report within fourteen (14) days from the date of its filing shall bar an aggrieved party from attacking the factual findings on appeal.

Recommended in Orlando, Florida on March 15, 2010.

*David A. Baker*

DAVID A. BAKER
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Presiding District Judge
Counsel of Record
Courtroom Deputy