**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

**MORTGAGE PAYMENT PROTECTION, INC.,**

    **Plaintiff,**

**-vs-**              **Case No. 6:08-cv-1212-Orl-22DAB**

**CYNOSURE FINANCIAL, INC.,**

    **Defendant.**
_____

## ORDER

  This cause comes before the Court on Defendant Cynosure Financial, Inc.'s ("Cynosure") Motion to Dismiss or, Alternatively, To Preclude Introduction of New Evidence, Compel and Continue Discovery (Doc. No. 101), filed on February 12, 2010. United States Magistrate Judge David A. Baker submitted a Report and Recommendation ("R&R"), which recommended that Cynosure's Motion be denied. (Doc. No. 111.) Cynosure filed an Objection to the R&R on March 29, 2010. (Doc. No. 115.) Plaintiff Mortgage Payment Protection Inc. ("MPPI") filed a response in opposition to Cynosure's objection on April 9, 2010 (Doc. No. 124).

  Judge Baker summarized the relevant background of this case as follows:

> [MPPI] filed suit on July 23, 2008, against co-Defendants Virginia Surety Company ("VSC") and [CFI], alleging breach of contract (relating to a "marketing agreement" between CFI and MPPI) and tortious interference claims against Defendant CFI. Although MPPI sought a preliminary injunction, the Court declined to enter it. According to the Case Management Report, the parties met in September 2008, thus beginning the discovery period. On October 20, 2008, the Court entered its Case Management and Scheduling Order, setting a discovery deadline of October 5, 2009.

> [MPPI] subsequently filed an Amended Complaint (on February 10, 2009), and Defendants moved to dismiss it. On July 15, 2009, the parties filed their joint motion for extension of mediation date and discovery deadlines, which was granted. On August 17, 2009, the parties moved for another extension of time to complete discovery, and the Court again obliged.
>
> Following the Court's granting, in part, of Defendants' motions to dismiss, [MPPI] filed its Second Amended Complaint. On October 12, 2009, the parties filed a Joint Motion for Continuance of the Trial and Extension of Discovery Deadlines. The Court denied the motion, noting:
>
>> The movants have failed to demonstrate good cause for further extension of case management deadlines. Counsel acted at their peril in delaying discovery pending settlement discussions and they must bear the consequences of that choice.
>
> CFI filed its Answer and Affirmative Defenses to the Second Amended Complaint, and VSC has been dismissed from the case after a settlement, leaving CFI as the sole defendant. Following dismissal of VSC, the Court entered an Amended Case Management and Scheduling Order, setting a new discovery deadline of March 1, 2010. The instant motion follows.

(Doc. No. 111 pp. 2-3) (internal citations omitted).

In the instant motion, CFI moves for dismissal because "the evidence produced does not support [MPPI's] claim for damages." (Doc. No. 101 ¶ 17.) Alternatively, CFI seeks an Order precluding MPPI from "introducing any evidence at trial that has not been produced as part of [MPPI's] Responses to CFI's Requests to Produce and/or Interrogatories." (*Id*. at ¶ 18.) Finally, CFI requests that this Court

> enter an Order compelling [MPPI] to provide more complete answers to CFI's discovery requests, including evidence regarding its claim for damages. CFI also requests that this Court enter an Order continuing discovery for 90 days so that CFI can review the new discovery produced and complete any additional discovery necessitated by MPPI's failure to provide full and complete answers.

(*Id*. at ¶ 19.)

In his R&R, Judge Baker recommended that this Court deny CFI's motion to the extent it seeks a dismissal. Specifically, Judge Baker found that a merits determination was not available in this context and that there was no basis on which to sanction MPPI under either Fed. R. Civ. P 11 or the Court's inherent power. CFI does not object to Judge Baker's recommendation that this Court should deny its motion insofar as it sought a dismissal of the operative Complaint. However, CFI contends that it did not seek any sanctions against MPPI and the Court should modify the R&R to the extent that it implies that the motion requests sanctions under Rule 11. In making this argument, CFI is splitting hairs and engaging in semantics. In its motion, CFI argued that:

> When the Court allowed MPPI to amend its Complaint the second time, it cautioned MPPI and its attorneys that any amended Complaint must comply with the requirements of [Fed. R. Civ. P. 11]. [MPPI] is in violation of this Court's order, in that its claim for breach of contract are wholly unsupported by the "evidence" produce by [MPPI] during discovery . . . . MPPI's Complaint should be dismissed for [MPPI's] failure to comply with the Court's Order.

(Doc. No. 101 p. 16) (emphasis in original). A fair reading of the quoted text shows that CFI argued that the Court's order was violated because MPPI violated Rule 11. Thus, there is no basis on which to modify the R&R and the Court affirms Judge Baker's findings regarding CFI's request for a dismissal.

In his R&R, Judge Baker also recommended that CFI's motion be denied insofar as it requests an Order precluding MPPI from "introducing any evidence at trial that has not been produced as part of [MPPI's] Responses to CFI's Requests to Produce and/or Interrogatories." (*Id.* at ¶ 18.) Specifically, Judge Baker stated that "[t]o the extent CFI can identify *specific* evidence that was wrongfully withheld, its remedy is to file, if appropriate, a properly supported

motion in limine at the appropriate time." (Doc. No. 111 p. 6.) CFI does not object to this recommendation to the extent that it finds that any specific evidence wrongfully withheld can be addressed in a motion in limine. However, CFI "objects to this finding to the extent that it precludes CFI from obtaining discoverable evidence from MPPI which is critical to CFI's Counter Claim for damages." (Doc. No. 115 ¶ 8.) Judge Baker's ruling does not preclude CFI from obtaining discovery, provided it did so prior to the discovery cut-off date. Accordingly, CFI's objection is overruled.

Finally, Judge Baker recommended that CFI's motion to compel and motion for continuance for additional discovery be denied. Specifically, Judge Baker noted that the motion does not comply with Local Rule 3.01(g) or Local Rule 3.04 and, further, that "[n]o genuine discovery issue is appropriately presented." (*Id*.) Judge Baker also found that MPPI failed to justify its request for a continuance of discovery, noting that this case has been pending for over a year and a half and the Court has already continued discovery three times. CFI objects to Judge Baker's recommendation to the extent that it denies its motion to compel. Specifically, CFI argues that the R&R "effectively precludes CFI from obtaining financial information about premiums and commissions earned on the new Genworth Program." (Doc. No. 115 p. 4.) Further, CFI objects to Judge Baker's recommendation that the Court deny its motion for additional discovery, but "only to the extent that it precludes CFI from completing discovery on matters which are the subject of this Motion, namely the Genworth Premiums and Commission." (*Id*. at 5.)

Under the Local Rules:

> [a] motion to compel discovery pursuant to Rule 36 or Rule 37, Fed. R. Civ. P., shall include quotation in full of each interrogatory, question on deposition, request for production to which the motion is addressed; each of which shall be followed immediately by quotation in full of the objection and grounds therefor as stated by the opposing party; or the answer or response which is asserted to be insufficient, immediately followed by a statement of the reason the motion should be granted.

M.D. Fla. Local Rule 3.04(a). CFI did not comply with the Local Rules, and as such its motion to compel is due to be denied. Further, after a thorough review of the record in this case, the Court concurs with Judge Baker's determination that no further continuance is warranted. The parties have had more than enough time to get this case ready for trial. Thus, CFI's motion for continuance for additional discovery will be denied.

After reviewing the file *de novo*, the Court will approve and adopt Judge Baker's March 15th R&R. Accordingly, it is ORDERED as follows:

1. The Report and Recommendation filed on March 15, 2010 (Doc. No. 111) is **APPROVED** and **ADOPTED**.

2. Defendant Cynosure Financial, Inc.'s Objection to the Report and Recommendation (Doc. No. 115), filed on March 29, 2010, is **OVERRULED**.

3. Defendant Cynosure Financial, Inc.'s Motion to Dismiss or, Alternatively, To Preclude Introduction of New Evidence, Compel and Continue Discovery (Doc. No. 101), filed on February 12, 2010, is **DENIED**.

4. Defendant Cynosure Financial, Inc.'s Supplement to its Motion to Dismiss or, Alternatively, To Preclude Introduction of New Evidence, Compel and Continue Discovery (Doc. No. 109), filed on March 5, 2010, shall be **STRICKEN** from the record as an unauthorized pleading.

**DONE** and **ORDERED** in Chambers, in Orlando, Florida on April 24, 2010.

Copies furnished to:

Counsel of Record
Unrepresented Party

ANNE C. CONWAY
United States District Judge